Lafoy v. Campbell.

### ELIZABETH M. LAFOY

*v.*

### PAULINE C. CAMPBELL et al.

A testator gave (1) the use of all his estate to his wife for life; (2) he provided for the support and education of his son A. if his wife should die before A. attained his majority; (3) then for the division of his estate, after his

Lafoy v. Campbell.

widow's death and A.'s majority, among his children, A., E. and T.; (4) then, in case of his widow's death and A.'s before his majority, the estate to go to the executors to be held undivided until 1858, and then to be divided between E. and T.; (5) that the issue of any child dying should take its parent's share; (6) that T. should have testator's interest in a certain business on paying the interest on its appraised value to the widow, and that T. might pay such appraisement, which should then be appropriated to discharging certain mortgages on testator's houses in N. Testator died in 1848; his widow died in 1883; T., in 1859, leaving a widow and children; E. died in 1849, leaving two children; A. is still living. In 1856, H. bought T.'s interest in the houses at sheriff's sale, under a judgment against him. T. paid the interest on the appraised value up to May, 1856, but none has been paid since, nor any of the principal. On partition of the houses—*Held*, that (5) of the will must be construed with (3), and that therefore T.'s interest in the houses was contingent, depending on his surviving his mother, and consequently T.'s children take his share (and not the heirs-at-law of H., who has died intestate), subject to the amount of the appraisement, with the interest thereon from the widow's death, but not the interest during her life, for that belonged to her, and not to the estate.

Bill for partition. On final hearing upon pleadings and stipulation of counsel.

*Mr. C. T. Glen,* for complainant.

*Mr. P. W. Cross,* for the heirs of Theodore R. Lafoy, deceased, and for himself.

*Mr. Howard W. Hayes,* for the widow and heirs of David A. Hayes, deceased.

THE CHANCELLOR.

Jean B. Manzagot, *dit* Lafoy, late of Newark, deceased, by his will, made in 1848, after directing that his debts and funeral charges be paid, devised and bequeathed to his wife the use of all of his estate, real and personal, for life. He then provided that in case his wife should die before his son Adolphus should arrive at the age of twenty-one years, his executors should appropriate all income arising from his estate, or so much thereof as might be necessary for the purpose, to the support and education

of Adolphus until he should attain to his majority.  He then, by the fourth section of the will, provided that after the death of his wife and after Adolphus should have attained to the age of twenty-one years, all his estate should be equally divided between his, the testator's, three children, Evelina, Theodore and Adolphus.  By the fifth section he provided that in case his wife should die and Adolphus should not live until he should be twenty years of age, all his estate should go to his executors (to whom he thereby gave it accordingly) in trust for Evelina and Theodore, to be held by them undivided and unappropriated until the 4th of March, 1858, when they were to divide it between those two children.  By the sixth section he provided that in case either of his children should die, leaving lawful issue, such issue should receive the share of his estate devised to such child so dying.  By the seventh section he ordered that after his decease his interest in the business carried on by Theodore should be appraised by one or more independent persons, and that Theodore should have the use of it so long as the testator's estate should remain undivided between his children, on Theodore's paying to the testator's wife during her life, and after her decease to his executors, the lawful interest on the amount of the appraised value of such interest in the business; and he also provided that in case Theodore should at any time wish to pay all or any part of that appraised value, such payments should be appropriated to pay off the mortgages upon the testator's houses in Fair street, in Newark, the property of which partition is sought in this suit.  The testator died in 1848.  His widow died in 1883.  Theodore died in or about 1859, leaving a widow and children.  Evelina, who married Peter Paul N. D'Alvigny, died in 1849.  She left two children.  Adolphus is still living.  The complainant is his wife and owns his share of the real property.  It was conveyed to her in 1876.  In or about 1856 David A. Hayes (now deceased) bought the interest of Theodore in that property at sheriff's sale under judgments and executions against the latter, and it was conveyed to him accordingly in that year.  The interest of the testator in the business before referred to was appraised at $411.99.  Theodore had the use of it and

paid interest upon it up to May 9th, 1856, but no interest has been paid thereon since then.   The principal has not been paid, nor has any part of it.

Two questions are presented for decision : first, whether the estate of Theodore in the property was vested or contingent; and second, whether the value of the testator's before-mentioned interest in Theodore's business and the interest thereon since May 9th, 1856, are a charge upon the share of the testator's estate given by the will to Theodore.

If Theodore had a vested indefeasible interest in the property of the testator, his children have now no interest in the property of which partition is sought in this suit; for his interest therein was sold under judgments against him and executions thereon, and it is now owned by the widow and heirs-at-law of Mr. Hayes, who died intestate.   By the will, the testator gives a life estate to his widow and then provides that at her death and after his son Adolphus shall have attained to his majority, the property shall be divided between his (the testator's) three children, Evelina, Theodore and Adolphus, share and share alike.   It is obvious that, standing alone, this latter provision is a gift of a remainder in fee to the children in the real property, and an absolute gift in remainder of the personal estate.   But the provision of the sixth section affects and qualifies the gift.   By that provision the children of any child dying before the period of distribution, are substituted for the parent, so that the gift to the parents in the fourth section is made defeasible by the sixth.   It is urged that the use of the word " either," in the sixth section, indicates that the testator intended that the provisions of that section should have reference to those of the fifth only, and that he intended that there should be substitution of children for parents only under the circumstances mentioned in the fifth section.   But such a construction would be too narrow and restricted.   The word " either " is used in the sense of " any."   The object of the testator was to keep his estate undivided, for the benefit of his family, until his wife's death, and beyond that period until March 4th, 1856, if she and Adolphus should both die before the latter should have attained to the age of twenty years; and

Lafoy v. Campbell.

in case the widow should die before Adolphus should have attained to his majority, and he should live to attain to it, then the estate was to remain undivided until he should have become of age. The testator's intention was that the estate should be preserved as a whole until the time fixed for division, and that when division should take place, it should go to his family—to his children; but if they, or any of them, should be dead, leaving children, their children should take in their stead, and that so the property should be kept for the family until the time of division. The provisions under consideration are similar to those which were construed in *Baldwin* v. *Taylor, 10 Stew. Eq. 78; 11 Stew. Eq. 637.* The share in question belongs to Theodore's children.

As to the second question. The money which the testator directed his executors to leave in the hands of Theodore was not indeed charged by the will upon the share given to the latter; but had Theodore lived to participate in the division, his share would have been chargeable with the debt and the interest thereon, from the time of the death of the widow. And although his interest in the testator's estate was defeasible upon his dying, leaving children, before the period of distribution, and although he did not live until that time, and his children take by virtue of the provisions of the will, the share is in equity chargeable with the debt. The testator gives the shares of his children to their children in case of the death of the former, by way of substitution merely; his object being, as before stated, to make sure that the property would go to his family at the time of division. Under the circumstances, Theodore's children are subject to the same equities to which he would have been subject had he lived to the time of division. *Denise* v. *Denise, 10 Stew. Eq. 163.* As in justice and equity the $411.99 and the unpaid interest thereon since the death of the widow, would have been chargeable against the share, if it were coming to him, and he would have been required to take the share subject to the payment thereof, so they, taking the share in his stead, must, in like manner, take it upon the same equitable condition. The share is not subject to the payment of the interest which was given by the will to the widow; for that interest belonged to her and not to the estate, and if it was not collected, the loss was hers.